*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1848**

State of Minnesota,
Respondent,

vs.

Laron Lovell Brown,
Appellant.

**Filed September 30, 2024**
**Affirmed**
**Johnson, Judge**

Hennepin County District Court
File No. 27-CR-22-9331

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Mark V. Griffin, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Laura G. Heinrich, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bratvold, Presiding Judge; Johnson, Judge; and Reilly, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**JOHNSON**, Judge

Laron Lovell Brown pleaded guilty to two offenses pursuant to a plea agreement. He argues that his guilty pleas are invalid on the ground that he did not understand the terms of the plea agreement. We conclude that Brown's guilty pleas were intelligently entered. Therefore, we affirm.

## FACTS

In May 2022, the state charged Brown with multiple offenses. According to the complaint, a state trooper observed a vehicle driving on a section of interstate highway 94 in Minneapolis that was closed for road construction. The trooper stopped the vehicle, which was being driven by Brown. Brown told the trooper that he did not have a valid driver's license. The trooper directed Brown to exit the vehicle, but Brown drove away. The trooper pursued him. Approximately one minute later, Brown crashed the vehicle he was driving, which had been reported stolen, and fled on foot. The trooper chased Brown on foot and apprehended him. A nearby security camera captured Brown removing something from his pocket and tossing it during the chase. Law-enforcement officers searched the area where Brown had run and found two baggies containing approximately 19 grams of a white substance that field-tested positive for cocaine.

The state charged Brown with five offenses. In January 2023, the parties entered into a plea agreement. Brown pleaded guilty to third-degree controlled substance crime, in violation of Minn. Stat. § 152.023, subd. 2(a)(1) (2020), and fleeing a peace officer in a motor vehicle, in violation of Minn. Stat. § 609.487, subd. 3 (2020). In exchange, the state

dismissed the three other charges. The state also agreed to recommend a downward dispositional departure at sentencing if Brown satisfied several conditions, including the condition that he continue to participate in a drug-treatment program. Brown was released pending sentencing.

In May 2023, the department of corrections issued a warrant for Brown's arrest because he was on supervised release for a prior conviction and was not complying with all conditions of his release. In June 2023, Brown failed to appear for a sentencing hearing in this case. Brown was arrested one month later. In August 2023, Brown filed a motion to withdraw his guilty pleas on the grounds that he "did not fully understand the plea agreement" and that "he is chemically dependent and was not in his right frame of mind at the time he entered his plea."

The district court conducted a sentencing hearing in September 2023. At the outset of the hearing, the district court considered and denied Brown's motion to withdraw his guilty pleas. The prosecutor asked the district court to impose a presumptive prison sentence on the drug charge. Brown's attorney stated that Brown had been "kicked out of treatment" because he continued to use controlled substances and acknowledged that the state no longer was obligated to recommend a downward dispositional departure. Brown nonetheless requested that the district court order a downward dispositional departure and place him on probation based on his expressed willingness to participate in another drug-treatment program. The district court denied Brown's request and imposed a presumptive sentence of 39 months of imprisonment on the drug offense and executed the sentence. The district court imposed a stayed sentence of 15 months on the fleeing offense but

executed that sentence at Brown's request and ordered the two sentences to run concurrently. Brown appeals.

## DECISION

Brown argues that his guilty pleas are invalid on the ground that they were not intelligently and voluntarily entered. Specifically, Brown argues that he did not understand what he was required to do to satisfy the condition of the plea agreement that required him to continue participating in a drug-treatment program and did not understand that he could be sentenced to prison if he did not satisfy that condition.

In response, the state initially argues that Brown forfeited his argument by not presenting it to the district court in his motion to withdraw his plea. In his reply brief Brown makes clear that he is not challenging the district court's denial of his plea-withdrawal motion but, rather, is arguing that his guilty pleas are invalid based on the record of the plea hearing. Because a defendant is permitted to challenge the validity of his guilty pleas for the first time on direct appeal, Brown's argument is not forfeited. *See Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989); *State v. Arola Johnson*, 999 N.W.2d 103, 108 (Minn. App. 2023).

A guilty plea is valid if it is "accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994) (citing *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983)). If a guilty plea does not satisfy any of these three requirements, the plea is invalid. *State v. Theis*, 742 N.W.2d 643, 650 (Minn. 2007). This court applies a *de novo* standard of review when determining the validity of a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

4

Brown argues that his guilty pleas are both unintelligent and involuntary. The supreme court has explained the difference between the two concepts:

> The purpose of the voluntariness requirement is to insure that the defendant is not pleading guilty because of improper pressures. The purpose of the requirement that the plea be intelligent is to insure that the defendant understands the charges, understands the rights he is waiving by pleading guilty, and understands the consequences of his plea.

*Trott*, 338 N.W.2d at 251. Brown does not argue that he pleaded guilty as a result of "improper pressures." *See id.* Consequently, Brown's argument implicates only the intelligence requirement. "Whether a plea is intelligent depends on what the defendant knew at the time he entered the plea . . . ." *Dikken v. State*, 896 N.W.2d 873, 877 (Minn. 2017).

The record of the plea hearing does not support Brown's argument that he did not understand what he was required to do to comply with the plea agreement and did not understand that he could receive a prison sentence if he did not comply. At the plea hearing, Brown's attorney expressly stated that the plea agreement required Brown to "continue in his current treatment." The prosecutor reiterated that the plea agreement required Brown "to continue to stay in treatment and comply with all of the recommendations." The prosecutor later questioned Brown directly and confirmed his understanding that "if you do well at treatment . . . , the state will agree to place you on probation instead of sending you to prison." The prosecutor also sought to confirm Brown's understanding that "if you leave treatment or fail at treatment, then the state can argue for something other than placing you on probation." When asked if he understood

that consequence of not continuing in the treatment program, Brown responded, "Yes, I do."

The record makes clear that Brown understood that the plea agreement required him to remain in his drug-treatment program. Because he did not complete a drug-treatment program, he did not satisfy all conditions of the plea agreement. The record also makes clear that Brown understood the consequences of violating the plea agreement. Because he did not satisfy all conditions of the plea agreement, the state was not required to recommend a downward dispositional departure. Accordingly, Brown's guilty pleas were intelligently entered. Thus, Brown's guilty pleas are not invalid.

**Affirmed.**